**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Landseadel, | No. CV-19-02316-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| USAA Casualty Insurance Company, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Defendant USAA Casualty Insurance Company removed this action on April 10, 2019 solely on the basis of diversity jurisdiction. Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists, the Court finds that the Notice of Removal is facially deficient because it fails to affirmatively set forth the facts necessary to determine Plaintiff Robert Landseadel's citizenship.

The Notice of Removal states that "Plaintiff is a citizen of Arizona for federal diversity jurisdiction purposes because the Complaint alleges that Plaintiff was a temporary resident of Arizona at all material times." (Doc. 1 ¶ 3.) And indeed, the Complaint alleges that Plaintiff "is and was at all times material herein, a temporary resident of Maricopa County, Arizona." (Doc. 1-3 ¶ 2.) But the factual allegation that Plaintiff is a *resident* of Arizona does not establish that he is a *citizen* of Arizona for purposes of establishing diversity jurisdiction, and in fact, the allegation that he is a *temporary* resident of Arizona suggests that he probably *isn't* an Arizona citizen.[1] "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted). *See also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction."). Thus, an allegation regarding Plaintiff's state of temporary residence fails to establish his state of domicile—his permanent home—and has no bearing on the determination of his citizenship for diversity purposes.

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the

---

[1] The allegation in the Complaint that Plaintiff is and has been a temporary resident of one county in Arizona does not preclude the possibility that his permanent home and place of domicile is another county in Arizona.

- 2 -

evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

To cure this pleading deficiency, the Court will require the removing Defendant to file an amended notice of removal that affirmatively states Plaintiff's citizenship. *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Defendant is advised that its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that removing Defendant USAA Casualty Insurance Company shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **May 6, 2019.**

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of removal by May 6, 2019, the Clerk of Court shall remand this action to state court on **May 7, 2019**.

Dated this 29th day of April, 2019.

Dominic W. Lanza
United States District Judge